IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| HUGO ALFONSO CASTILLO-OLGUIN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 5:21-CV-228-BQ |
| § | |
| MANAGEMENT & TRAINING § | |
| CORPORATION (MTC), *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Proceeding pro se and *in forma pauperis*, Plaintiff Hugo Alfonso Castillo-Olguin filed this 42 U.S.C. § 1983 action complaining of events alleged to have occurred during his incarceration at the Giles W. Dalby Correctional Institution. ECF Nos. 1, 4, 6, 9. Because Castillo-Olguin has not complied with Court orders and has failed to prosecute this case, the undersigned recommends that the United States District Judge dismiss this action under Rule 41(b) of the Federal Rules of Civil Procedure.[1]

## I.   Background

On November 24, 2021, the United States District Judge transferred this action to the undersigned magistrate judge for the purpose of conducting preliminary screening under the Prison Litigation Reform Act (PLRA). ECF No. 11. Before reassigning the case, the district judge issued a PLRA Filing Fee Order, granting Castillo-Olguin's request to proceed *in forma pauperis* (IFP) and advising him of his obligation to "promptly notify the Court of any change of address," and that his "[f]ailure to file this notice may result in this case being dismissed for want of prosecution."

---

[1] Not all parties have consented to proceed before a magistrate judge.

ECF No. 10, at 2 ¶ 8 (dated Nov. 24, 2021); *see also* ECF No. 4, at 4 ¶ 5 (same). Castillo-Olguin received a similar admonishment when he initially filed this suit. *See* "Instructions to a Prisoner *Pro Se* Plaintiff," ECF No. 3, at 1 ¶ 2 ("You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case.").

On December 6, 2021, the Court commenced its initial screening of Castillo-Olguin's Amended Complaint. The Court entered an order requiring that certain persons and entities provide authenticated records related to Castillo-Olguin's claims. ECF No. 12; *see* ECF No. 14 (issuing a second records request). After reviewing the records, the Court entered an order on March 17, 2022, requiring Castillo-Olguin, within thirty days from the date of the order (i.e., April 18, 2022), to complete and return a questionnaire in accordance with *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976), and thereby provide the Court with additional information concerning the factual bases of his claims and to ensure adequate screening. ECF No. 15.

In its order directing Castillo-Olguin to complete the questionnaire, the Court admonished Castillo-Olguin that "failure to timely return the completed Questionnaire and Declaration . . . may and most probably will result in dismissal of this action." *Id.* at 1 (emphasis omitted). The Clerk mailed the order and questionnaire to Castillo-Olguin's address on file with the Court. *See* "Clerk's Notice of delivery," dated Mar. 17, 2022.

Although mailed to Castillo-Olguin's current address, he has not returned the completed questionnaire, nor has it been returned as undeliverable. Further, Castillo-Olguin has not provided a change of address to the Court. In this posture, the Court can only conclude that Castillo-Olguin no longer wishes to pursue his claims.

## II. Involuntary Dismissal

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

As noted above, the Court commenced its initial screening of Castillo-Olguin's Amended Complaint and ordered the production of authenticated records, which the Court received February 17, 2022. Castillo-Olguin's failure to update his current mailing address and/or respond to the questionnaire, however, thwarts the Court's ability to further review the case. In this circumstance a court is basically at the mercy of a litigant who refuses to either update the court with his whereabouts or return the questionnaire, and thereby prevents the court from effectively communicating with the party or further evaluating his claims. Pro se litigants cannot hold a court's docket hostage by refusing to comply with specific orders designed to allow the court to timely and efficiently manage its docket.

This Court has previously dismissed other prisoners' claims for failing to return the Court's questionnaires. *See, e.g.*, *Miguel v. McLane*, No. 5:19-CV-199-BQ, 2021 WL 863213, at *2 (N.D. Tex. Feb. 4, 2021) (recommending dismissal for want of prosecution for failure to return questionnaire), *R. & R. adopted by* 2021 WL 859138 (N.D. Tex. Mar. 8, 2021); *Williams v. Lubbock Cnty. Sheriff's Off.*, No. 5:17-CV-226-BQ, 2018 WL 1461738, at *2 (N.D. Tex. Feb. 15, 2018) (recommending dismissal under Rule 41(b) where plaintiff had not updated his address or returned the questionnaire), *R. & R. adopted by* 2018 WL 1461842 (N.D. Tex. Mar. 22, 2018); *see*

*also Bey v. Greyhound Lines, Inc.*, No. 3:15-CV-1406-M-BH, 2016 WL 6561590, at *1 (N.D. Tex. Feb. 19, 2016) (recommending dismissal pursuant to Federal Rule of Civil Procedure 41(b) where plaintiff failed to return the magistrate judge's questionnaire), *R. & R. adopted by* 2016 WL 6561591 (N.D. Tex. Mar. 9, 2016); *Swaissi v. Nichols*, No. 3:01-CV-2405-L, 2002 WL 1477429, at *1 (N.D. Tex. July 5, 2002) (recommending dismissal of case without prejudice where inmate did not timely respond to court's questionnaire, even after he updated address). Because Castillo-Olguin has not responded to the questionnaire, and he has wholly failed to communicate with the Court in this action since November 19, 2021, the district judge should dismiss this case for want of prosecution. *See Manzo-Flores v. Dixon*, No. 5:13–CV–00114–C, 2015 WL 728033, at *1 (N.D. Tex. Feb. 19, 2015) (dismissing a prisoner's civil rights case for want of prosecution when the prisoner failed to timely file an answer to the magistrate judge's questionnaire).

### III.    Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the United States District Court dismiss Castillo-Olguin's Amended Complaint without prejudice for want of prosecution in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

### IV.    Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that

merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: May 31, 2022.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE

5